IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL EDWARDS | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-07-CV-0886-G |
| DALLAS COUNTY JAIL MEDICAL DEPARTMENT, ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Michael Edwards, a Texas prisoner, against the Dallas County Jail Medical Department and an unnamed doctor allegedly affiliated with the jail. On May 17, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about his claims and the identity of potential defendants. Although plaintiff provided some information in response to the interrogatories, his answers were inconclusive. On July 17, 2007, the court held a *Spears*[1] hearing to investigate the factual basis of

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

the complaint in more detail. Plaintiff appeared at the hearing and testified under oath regarding the claims made the basis of this suit. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

On or about November 25, 2006, plaintiff was booked into the Dallas County Jail on unspecified charges. The day before his arrest, plaintiff injured both of his hands in a fight. He reported these injuries to the intake staff and requested medical treatment. Several weeks later, plaintiff was seen by an unidentified doctor who ordered x-rays. Upon learning that plaintiff had fractured both of his hands, the doctor prescribed pain medication and put plaintiff on the list to be seen by a specialist at Parkland Memorial Hospital. However, plaintiff was not taken to Parkland for treatment until April 30, 2007. Due to this five-month delay, the doctors at Parkland were unable to successfully treat plaintiff's injuries. Plaintiff now sues the Dallas County Jail Medical Department and the "orthopedics" at the jail for deliberate indifference to his medical needs.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1) is frivolous or malicious;
>
> (2) fails to state a claim upon which relief can be granted; or
>
> (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas County Jail Medical Department. Federal courts in this district have uniformly held that entities without a separate jural existence are not subject to suit. The Dallas County Jail Medical Department is not a separate legal entity having jural authority. *See, e.g. Gibson v. Dallas Co. Jail System*, No. 3-07-CV-0490-L, 2007 WL 1576264 at *2 (N.D. Tex. May 31, 2007) (Dallas County Jail Medical Department not a proper defendant with jural existence); *Morgan v. Dallas Co. Sheriff's Dept.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan. 11, 2005), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (same). Consequently, plaintiff's claims against this defendant must be dismissed.

C.

In his interrogatory answers, plaintiff identifies "the orthopedics at the Dallas County Jail" as another potential defendant who violated his civil rights. (Interrog. #6). However, plaintiff was unable to provide the court with the name of this doctor. Nor could plaintiff identify the doctor at the *Spears* hearing. After advising plaintiff in open court that he could not prosecute a claim against an unnamed defendant, the court gave him 30 days to furnish "the names and addresses of all persons

or legal entities he alleges were responsible for the denial of his medical care while he was incarcerated in the Dallas County Jail." *See* Order, 7/17/07 at 1-2. Plaintiff was warned that the failure to identify a responsible party or parties would result in the dismissal of this case. *Id.* at 2. To date, plaintiff still has not provided with the court with the name of the doctor referred to in his interrogatory answers, or any other person responsible for the violation of his civil rights. Because plaintiff cannot sue an unnamed defendant, *see Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997), *citing Sigurdson v. Del Guercio*, 241 F.2d 480, 482 (9th Cir. 1956), his claims against "the orthopedics at the Dallas County Jail" should be dismissed.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE